NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ANASTASIA BAKER, *Petitioner.*

No. 1 CA-CR 15-0166 PRPC
FILED 4-27-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-165153-001
The Honorable Cari A. Harrison, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Anastasia Baker, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

¶1          Anastasia Baker petitions for review from the summary dismissal of her first petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

¶2          A jury found Baker guilty of second degree murder.  She was sentenced to 16 years' imprisonment.  This Court affirmed Baker's conviction and sentence on direct appeal.

¶3          Baker presents a lengthy list of claims of ineffective assistance of trial and appellate counsel.  To state a colorable claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  To show prejudice, a defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

¶4          Baker argues her trial lawyer was ineffective by failing to interview various witnesses.  She further contends counsel should have retained a mental health expert to explain why she had no memory of the incident, as well as an expert to testify about an injury Baker sustained during the incident.  We deny relief because Baker does not provide an affidavit or other documentation explaining what additional information or testimony such individuals could have offered or otherwise demonstrate that the additional testimony or information she now urges would have benefitted her defense.  *See State v. Borbon*, 146 Ariz. 392, 399 (1985).

¶5          Baker next contends her trial lawyer should have challenged the grand jury proceedings because the State did not present evidence that the victim stabbed Baker and that the victim had a high blood alcohol concentration.  We deny relief because Baker offers no evidence of what was or was not presented during the grand jury proceedings; she merely makes unsupported assertions.  She therefore has failed to present a colorable claim for relief.

¶6          Baker next argues trial counsel was ineffective by failing to obtain medical records to show treatment and description of wounds relating to herself and the victim.  We deny relief because Baker offers nothing but speculation regarding the contents of the medical records.  Furthermore, the jury heard evidence regarding the victim's blood alcohol

concentration and Baker's wound and saw a photograph of Baker's injury taken shortly after the incident.

¶7            Baker next argues her trial lawyer failed to inform her of a plea offer that would have permitted her to plead guilty to negligent homicide. We deny relief because nothing in the record reflects such an offer. When the initial joint pretrial statement was filed, there was no plea offer. The State's status memorandum filed a month later again noted there was no plea offer. The parties' next joint pretrial statement again noted there was no plea offer. The sole settlement conference occurred approximately seven weeks later, at which time the State offered to allow Baker to plead no contest to second degree murder in exchange for a sixteen-year cap on her sentence. Baker rejected that offer repeatedly, stating she would not even accept an offer of ten years' imprisonment. The final pretrial statement identified only the offer made at the settlement conference. Based on the record before us, Baker has failed to present a colorable claim that counsel failed to inform her of a plea offer.

¶8            Baker further argues her trial counsel was ineffective by failing to present evidence that she killed the victim in self-defense and/or to prevent the victim from committing a crime and by failing to request jury instructions in furtherance of these defenses. But Baker's current assertions are inconsistent with her trial defense. The defense at trial was that Baker and the victim loved each other, that Baker remembered nothing of the incident, and that the victim "somehow" got stabbed to death by someone other than Baker. Because the evidence and instructions Baker now suggests would have been inconsistent with her trial defense, she has failed to present a colorable claim of ineffective assistance of counsel as to this issue.

¶9            Baker also argues trial counsel was ineffective by failing to request instructions on lesser-included offenses and contends appellate counsel was ineffective by failing to argue on appeal that the trial court erred by failing to give such instructions. Once again, though, such instructions would have been incompatible with Baker's actual trial defense. Moreover, the trial court included instructions on manslaughter as a lesser-included offense in its draft instructions, but defense counsel asked the court to remove them after consulting with Baker. We therefore deny relief as to this issue.

¶10           Baker next contends her trial lawyer was ineffective by failing to object to a detective's testimony about how he believed Baker injured herself and to the detective's reenactment before the jury of what he

believed happened. The detective testified that he had seen cases where people injured themselves with their own knives. The detective testified that such injuries can be caused when the attacker strikes at the victim and then cuts or stabs herself with the "follow through." Defense counsel objected based on foundation, and the court sustained the objection. The detective then offered additional testimony about his training and experience with similar cases. This additional foundation was sufficient to overcome the foundation objection. Additionally, nothing in the record suggests the detective "re-enact[ed]" or otherwise demonstrated what he believed happened in front of the jury. We therefore deny relief as to this asserted issue.

**¶11** Finally, Baker makes the bald assertion that trial counsel failed to discuss trial strategy with her. We deny relief because "[m]erely mentioning an argument is not enough." *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004). More fundamentally, "the power to decide questions of trial strategy and tactics rests with counsel." *State v. Lee*, 142 Ariz. 210, 215 (1984). "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 14 (1989).

## CONCLUSION

**¶12** For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA